# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| In re: LEE, LAMAR T § | Case No. 13-83364 |
|      LEE, MARY K § | |
| § | |
| Debtor(s) § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on September 30, 2013. The undersigned trustee was appointed on January 08, 2014.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of          $         5,000.00

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 3.44 |
| Bank service fees | 40.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]           $ | 4,956.56 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 03/10/2014 and the deadline for filing governmental claims was 03/29/2014. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,250.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,250.00, for a total compensation of $1,250.00.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 07/09/2014          By: /s/JAMES E. STEVENS
                              Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 13-83364  
**Case Name:** LEE, LAMAR T  
LEE, MARY K  
**Period Ending:** 07/09/14

**Trustee:** (330420) JAMES E. STEVENS  
**Filed (f) or Converted (c):** 09/30/13 (f)  
**§341(a) Meeting Date:** 10/31/13  
**Claims Bar Date:** 03/10/14

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref. # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | Real estate located at: 4598 Minns Drive, Maches  Imported from original petition Doc# 1 | 120,000.00 | 1,000.00 | | 0.00 | FA |
| 2 | Checking and Savings accounts with Alpine Bank  Imported from original petition Doc# 1 | 600.00 | 0.00 | | 0.00 | FA |
| 3 | Savings account with ING  Imported from original petition Doc# 1 | 25.00 | 0.00 | | 0.00 | FA |
| 4 | Savings account with Planetes Credit Union  Imported from original petition Doc# 1 | 1,500.00 | 0.00 | | 0.00 | FA |
| 5 | Misc. household goods and furnishings  Imported from original petition Doc# 1 | 1,500.00 | 0.00 | | 0.00 | FA |
| 6 | Clothing  Imported from original petition Doc# 1 | 400.00 | 0.00 | | 0.00 | FA |
| 7 | Term policy from employment  Imported from original petition Doc# 1 | 1.00 | 1.00 | | 0.00 | FA |
| 8 | 401k  Imported from original petition Doc# 1 | 7,000.00 | 0.00 | | 0.00 | FA |
| 9 | 100% owner in Lamary Enterprises LLC no assets o  Imported from original petition Doc# 1 | 0.00 | 0.00 | | 0.00 | FA |
| 10 | 2010 Toyota Sienna  Imported from original petition Doc# 1 | 13,400.00 | 7,500.00 | | 5,000.00 | FA |
| 11 | 2000 Daewoo Lanos  Imported from original petition Doc# 1 | 500.00 | 500.00 | | 0.00 | FA |
| 12 | Dog  Imported from original petition Doc# 1 | 20.00 | 0.00 | | 0.00 | FA |
| 12 | Assets  Totals (Excluding unknown values) | $144,946.00 | $9,001.00 | | $5,000.00 | $0.00 |

**Major Activities Affecting Case Closing:**

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 2

**Case Number:** 13-83364
**Case Name:** LEE, LAMAR T
LEE, MARY K
**Period Ending:** 07/09/14

**Trustee:** (330420) JAMES E. STEVENS
**Filed (f) or Converted (c):** 09/30/13 (f)
**§341(a) Meeting Date:** 10/31/13
**Claims Bar Date:** 03/10/14

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

**Initial Projected Date Of Final Report (TFR):** October 31, 2014     **Current Projected Date Of Final Report (TFR):** July 10, 2014 (Actual)

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

**Case Number:** 13-83364  
**Case Name:** LEE, LAMAR T  
LEE, MARY K  
**Taxpayer ID #:** **-***6213  
**Period Ending:** 07/09/14

**Trustee:** JAMES E. STEVENS (330420)  
**Bank Name:** Rabobank, N.A.  
**Account:** ******0266 - Checking Account  
**Blanket Bond:** $780,000.00   (per case limit)  
**Separate Bond:** N/A

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 03/17/14 | {10} | Lamar T. and Mary K. Lee | payment on car | 1129-000 | 5,000.00 | | 5,000.00 |
| 03/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 4,990.00 |
| 04/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 4,980.00 |
| 05/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 4,970.00 |
| 06/05/14 | 101 | INTERNATIONAL SURETIES, LTD. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 06/05/2014 FOR CASE #13-83364, 016018067 | 2300-000 | | 3.44 | 4,966.56 |
| 06/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 4,956.56 |
| | | | **ACCOUNT TOTALS** | | 5,000.00 | 43.44 | $4,956.56 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 5,000.00 | 43.44 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | $5,000.00 | $43.44 | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **Checking # ******0266** | 5,000.00 | 43.44 | 4,956.56 |
| | $5,000.00 | $43.44 | $4,956.56 |

{} Asset reference(s)                                                                                        Printed: 07/09/2014 02:43 PM    V.13.15

| Printed: 07/09/14 02:43 PM | **Claims Distribution Register** | Page: 1 |

**Case: 13-83364    LEE, LAMAR T**

| Claim # | Date | Pri | Claimant / Proof / \<Category\> / Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---|---|---|---|---|
| **Secured Claims:** | | | | | | | | |
| 2S | 01/10/14 | 100 | Wells Fargo Bank NA<br>PO Box 10438<br>Des Moines, IA 50306-0438<br>\<4210-00   Pers. Prop. & Intangibles--Consensual Liens (UCC, chattel, PMSI)\><br>Claim No. 2S is allowed as a secured claim but disallowed for purposes of distribution, the Bankruptcy Code having no provision for payment of secured claims out of the general funds of the Chapter 7 Bankruptcy Estate. | 2,535.58 | 0.00 * | 0.00 | 0.00 | 0.00 |
| | | | **Priority 100:   0% Paid** | | | | | |
| **Admin Ch. 7 Claims:** | | | | | | | | |
| | 09/30/13 | 200 | Barrick, Switzer, Law Firm<br>6833 Stalter Drive<br>Rockford, IL 61108<br>\<3110-00   Attorney for Trustee Fees (Trustee Firm)\> | 1,711.00 | 1,711.00 | 0.00 | 1,711.00 | 1,711.00 |
| | 09/30/13 | 200 | JAMES E. STEVENS<br>6833 Stalter Drive<br>Rockford, IL 61108<br>\<2100-00   Trustee Compensation\> | 1,250.00 | 1,250.00 | 0.00 | 1,250.00 | 1,250.00 |
| | | | **Total for Priority 200:   100% Paid** | **$2,961.00** | **$2,961.00** | **$0.00** | **$2,961.00** | **$2,961.00** |
| | | | **Total for Admin Ch. 7 Claims:** | **$2,961.00** | **$2,961.00** | **$0.00** | **$2,961.00** | **$2,961.00** |
| **Unsecured Claims:** | | | | | | | | |
| 1 | 12/18/13 | 610 | Commerce Bank<br>P O BOX 419248<br>KCREC-10<br>Kansas City, MO 64141-6248<br>\<7100-00   General Unsecured § 726(a)(2)\> | 2,262.11 | 2,262.11 | 0.00 | 2,262.11 | 337.86 |
| 2U | 01/10/14 | 610 | Wells Fargo Bank NA<br>PO Box 10438<br>Des Moines, IA 50306-0438<br>\<7100-00   General Unsecured § 726(a)(2)\> | 35.00 | 35.00 | 0.00 | 35.00 | 5.23 |
| 3 | 01/17/14 | 610 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083<br>\<7100-00   General Unsecured § 726(a)(2)\> | 120.68 | 120.68 | 0.00 | 120.68 | 18.02 |
| 4 | 01/29/14 | 610 | PNC BANK<br>PO BOX 94982<br>CLEVELAND, OH 44101<br>\<7100-00   General Unsecured § 726(a)(2)\> | 10,943.50 | 10,943.50 | 0.00 | 10,943.50 | 1,634.45 |
| | | | **Total for Priority 610:   14.93538% Paid** | **$13,361.29** | **$13,361.29** | **$0.00** | **$13,361.29** | **$1,995.56** |
| | | | **Total for Unsecured Claims:** | **$13,361.29** | **$13,361.29** | **$0.00** | **$13,361.29** | **$1,995.56** |
| | | | **Total for Case :** | **$18,857.87** | **$16,322.29** | **$0.00** | **$16,322.29** | **$4,956.56** |

(*) Denotes objection to Amount Filed

**TRUSTEE'S PROPOSED DISTRIBUTION**                                Exhibit D

Case No.: 13-83364
Case Name: LEE, LAMAR T
Trustee Name: JAMES E. STEVENS

**Balance on hand:**               $         4,956.56

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 2S | Wells Fargo Bank NA | 2,535.58 | 0.00 | 0.00 | 0.00 |

Total to be paid to secured creditors:   $         0.00
Remaining balance:   $         4,956.56

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - JAMES E. STEVENS | 1,250.00 | 0.00 | 1,250.00 |
| Attorney for Trustee, Fees - Barrick, Switzer, Law Firm | 1,711.00 | 0.00 | 1,711.00 |

Total to be paid for chapter 7 administration expenses:   $         2,961.00
Remaining balance:   $         1,995.56

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:   $         0.00
Remaining balance:   $         1,995.56

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims:   $         0.00
Remaining balance:   $         1,995.56

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

**UST Form 101-7-TFR (05/1/2011)**

Timely claims of general (unsecured) creditors totaling $ 13,361.29 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 14.9 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 1 | Commerce Bank | 2,262.11 | 0.00 | 337.86 |
| 2U | Wells Fargo Bank NA | 35.00 | 0.00 | 5.23 |
| 3 | Capital One Bank (USA), N.A. | 120.68 | 0.00 | 18.02 |
| 4 | PNC BANK | 10,943.50 | 0.00 | 1,634.45 |

Total to be paid for timely general unsecured claims:  $     1,995.56
Remaining balance:  $     0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| None | | | | |

Total to be paid for tardy general unsecured claims:  $     0.00
Remaining balance:  $     0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| None | | | | |

Total to be paid for subordinated claims: $     0.00
Remaining balance:  $     0.00

**UST Form 101-7-TFR (05/1/2011)**

**UST Form 101-7-TFR (05/1/2011)**